## ALLAIRE v. HARTSHORNE.

1. No error can be assigned on an opinion given at the trial of the cause, unless a bill of exceptions be sealed expressly on that point.

2. A party taking a negotiable note in payment of, or as security for a precedent debt, is a *bona fide* holder for a valuable consideration, and entitled to protection as such.

3. In an action on a note which is invalid between the original parties for want of consideration, by a *bona fide* holder who has only actually advanced part of its value, such holder can only recover for the amount which he has actually advanced. As to the residue the note is without consideration and void.

Error to the Supreme Court.

This suit was brought in the Supreme Court on a note given by James P. Allaire to Joseph H. Pettis, or order, for $1500, at 90 days, dated May 22, 1839, and indorsed by Pettis to Hartshorne. A demand being made for a bill of particulars, a copy of the note was furnished by the plaintiff below, indorsed by Pettis, and with the additional indorsements of T. Hegeman and of Bennett & Hartshorne. The cause was tried before Justice NEVIUS, at the Monmouth Circuit, at July Term, 1843. On the trial the plaintiff offered the note with the indorsement of Pettis only, the other indorsers having been struck off. The defendant objected to the note, as variant from the particular furnished, in the number of indorsers on it. The objection was overruled, and the note admitted. No formal bill of exceptions was sealed to this ruling, but it was set out in the stating part of the defendant's first bill in these words: "The court overruled the objection, noted the point, and the note was read to the jury, when the plaintiff rested."

The defendant then proved that this note was given by him to Pettis for a special purpose, to renew a bill of the defendant that was maturing, and to be used for that purpose only, and that Pettis had misapplied the note, and pledged it with the plaintiff as collateral security for $750, borrowed on a check of T. Hegeman, which check was taken up by the plaintiff and the note held by him for that sum. And that the defendant had

to pay the bill which this note was intended to renew.    There being no evidence that plaintiff had notice of the purpose for which this note was given, the court ruled out this evidence, to which ruling the defendant took a bill of exceptions.    The plaintiff gave evidence to shew that the note was left with him by Pettis as collateral security for the amount of $750, loaned on Hegeman's check, and also for the payment of $400 for which he, Hartshorne, held A. B. M's acceptance before negotiated to him by Pettis, which acceptance was given up at the time to Pettis.    The plaintiff did not claim to have given anything for the note, except the $750 and $400, for which he held it as collateral.

The court charged the jury that if they believed any consideration was given by the plaintiff for the note, they should not limit their verdict to the amount so given, but should find the whole amount due on the face of the note.    To this ruling the defendant prayed a bill of Exceptions.    The cause was removed to this court by writ of error, and errors assigned on the above rulings and charge.

*Vroom*, for plaintiff in error, cited *Rev. Stat.* 938, § 54 & 56 ; 3 *Green.* 178 ;  4 *Harr.* 181 ;  10 *Johns.* 198 ;  1 *Hill* 589 ;  9 *Wend.* 170 ; 3 *Kent* 78 ;  14 *Wend.* 518 ;  *Chitty on Bills*, 238–9 10*th Ed. ;*  1 *Stark* 489 ;  *Chitty on Bills*, 69, 70, & 85 ;  1 *Esp. R.* 261 ;  2 *Hill* 301 ;  1 *Saund. Pl. & Ev.* 279.

*Dayton*, for defendant in error, cited *Chitty on Bills*, 111 & 85 ;  1 *Saund. Pl. & Ev.* 304 & 279 ;  6 *Hill* 63.

The CHIEF JUSTICE delivered the opinion of the court.

This action was brought by Hartshorne against Allaire, upon a promissory note made by Allaire to Joseph H. Pettis, for $1500, indorsed to the plaintiff.    The cause was tried at the Monmouth Circuit, July Term, 1843, and the errors are assigned upon the matters contained in several bills of exceptions, taken to the opinion of the court, in the progress of the trial.

Upon the argument of the cause, three only of the errors assigned were relied on for the reversal of the judgment, viz:

Allaire v. Hartshorne.

1. That the court admitted in evidence on the trial, a note variant from the copy furnished by the plaintiffs attorney under the act, to the attorney of the defendant—the note offered in evidence being endorsed by Joseph H. Pettis alone, whereas the copy furnished under the demand for a bill of particulars, purported to have been subsequently endorsed by Thomas Hegeman and by Bennet & Hartshorne.

2. That the court improperly overruled evidence offered on the part of the defendant, to shew that the note was without consideration as between the maker and payee; that it came to the plaintiff's hands not in the usual and ordinary course of business, but under circumstances, from which a knowledge on his part of the want of consideration might be inferred, and which deprived him of the character of a *bona fide* holder for value without notice.

3. That the court charged the jury that if they believe that any valuable consideration passed from Hartshorne to Pettis for the note, they should find in favor of the plaintiff for the whole principal and interest of said note. And that under said charge the jury found accordingly.

1. No bill of exceptions having been taken to the opinion of the judge, touching the validity of the bill of particulars, that question is not properly before the court. The expression of any opinion, therefore, upon the first error assigned, would be extrajudicial.

2. The *second* error relied upon involves two questions, viz:

1. Whether the plaintiff, having received the note as collateral security for a precedent debt, is deprived of the character of a *bona fide* holder for value, and of the rights and immunities which that character confers?

2. Whether the circumstances under which the plaintiff received the note, amount to actual or constructive notice of the alleged fraudulent transfer by Pettis, (the payee,) so as to let in evidence of the defect of title against a holder for value?

We are of opinion that both questions must be answered in the negative. The *first* point was fully discussed and satisfactorily settled (if any doubt respecting it previously existed) by the Supreme Court of the United States, in the case of *Swift*

v. *Tyson*, 16 *Peters.* 1. In this case Mr. Justice Story, in delivering the opinion of the court, after a review of the leading authorities, says: " We have no hesitation in saying that a pre-existing debt constitutes a valuable consideration, in the sense of the general rule already stated as applicable to negotiable instruments. Assuming it to be true, (which however may well admit of some doubt, from the generality of the language,) that the holder of a negotiable instrument is unaffected with the equities between the antecedent parties, of which he has no notice, only when he receives it in the usual course of trade and business for a valuable consideration, before it becomes due; we are prepared to say, that receiving it in payment of, or as security for a pre-existing debt, is according to the known usual course of trade and business." " The question has been several times before this court, and it has been uniformly held that it makes no difference whatsoever as to the rights of the holder, whether the debt for which the negotiable instrument is transferred to him, is a pre-existing debt, or is contracted at the time of the transfer. In each case he equally gives credit to the instrument. In England the same doctrine has been uniformly acted upon."

In a recent elementary treatise, the same learned judge has thus broadly laid down the general principle. " Every person is in the sense of the rule treated as a *bona fide* holder for value, not only when he has advanced money or other value for it, but when he has received it in payment of a precedent debt, or when he has a lien on it, or has taken it as collateral security for a precedent debt, or for future, as well as for past advances." *Story on Prom. Notes,* § 195.

In the soundness of the rule, as well as in the general course of reasoning by which it is sustained, we entirely concur. It is sustained, moreover, by the decided weight of authority.

But admitting that the rule were otherwise, and that the principles of a court of equity, regulating the transfer of property, viz: that a purchaser who has obtained a legal title as a mere security for, or payment of a pre-existing debt, without parting with anything of value, is not entitled to the character of a *bona fide* purchaser for value, and that he who has paid only a part

consideration, is entitled to the character of a *bona fide* purchaser only *pro tanto*, are to be adopted as applicable to the transfer of commercial paper, the plaintiff in the present case is clearly within the protection of the rule.     For it is manifest, that although Hartshorne received another security, yet that upon the faith of the security of Allaire's note, he advanced $750 at the time of the transfer by Pettis, and also, according to the plaintiff's evidence, gave up an existing security for the previous debt of four hundred dollars.     He is, therefore, directly within the principle of *Stalker* v. *McDonald*, 6 *Hill* 93. He has both paid a new consideration and given up a security which he previously held—either of which upon the authority of that case, is sufficient to entitle him to the character of a *bona fide* holder *pro tanto*.

As to the second point involved in this assignment of error, we find no circumstances whatever either in the evidence admitted or rejected on the trial, which will amount to actual or constructive notice to Hartshorne of any defect or infirmity in Pettis' title to the note, or in his right to assign it.

Under this assignment of error the plaintiff cannot prevail. There is in this respect no error in the record.

The *third* and last error relied upon for reversal, is that the judge charged the jury " that if they believed any consideration passed of any value from the said Richard S. Hartshorne to the said Pettis for the note, they should find in favor of the plaintiff for the whole principal and interest of said note," and that the jury found accordingly.

The action is by the endorsee against the maker of a promissory note.     The note was given by Allaire to Pettis, for a specific purpose, viz : the renewal of an acceptance by Allaire of a draft of Pettis' for $1500, given in payment of iron sold and delivered by Pettis to Allaire.     The note was not so appropriated by Pettis, but was endorsed to Hartshorne as collateral security for a check of Thomas Hegeman for $750, (as is conceded by both parties) and also, (as is insisted by the plaintiff) to secure a debt of $400, previously due from Pettis to Hartshorne.

Hartshorne is a *bona fide* holder of the note for value, and is

entitled to all the immunity and protection which that character can give. But he holds the note, it is not denied as collateral security for a less amount than purports to be due upon its face. The question presented is simply this : In an action by a *bona fide* holder of a promissory note, who received it as collateral security for a less sum than the amount due upon the note, the note being without consideration and invalid as between the original parties, can the holder recover more than the amount which he had advanced, or for which the note is held as security ? I speak not now of the rights of a *bona fide purchaser* of a note. It is admitted that the plaintiff obtained the note in question, not as a purchaser, but that it was transferred to him as security merely, for a specific sum, less than the amount of the note.

For the purpose of this inquiry, it may be assumed that the plaintiff has shown a clear right to recover upon the note in question the sum of $1150, with interest. He claims no more as due to himself. He admits that for the amount recovered beyond that sum, he stands as *trustee* for the party really entitled to the money. As between the original parties, Allaire and Pettis, the note is worthless. It was given to Pettis for a specific purpose, and by him misappropriated. He gave no value for it. If the suit were in his name, no recovery could be had. Hartshorne, as a *bona fide* holder for value without notice, may recover the amount due him upon the note. But shall he have judgment for the surplus beyond his claim ? If he do, then by the judgment of this court, Allaire is compelled to pay money which it is conceded he is not bound in law to pay, and which is due to no one. Not due to Pettis; in his hands the note is valueless ; not due to Hartshorne ; he does not pretend to have a claim to it.

The judgment then is rendered against the defendant for an amount which he is not bound to pay, in favor of the plaintiff who disavows all claim to the surplus, after satisfying his demand, to be held in trust, either for a party who in his own name never could recover, or in trust for the defendant himself. And not only does Hartshorne thus recover money which he does not claim ; not only is Allaire compelled to pay money

which he does not owe; but he pays it under circumstances which preclude all possibility of effectual redress.

Suppose the money recovered upon this judgment—how is Allaire to be indemnified? Can he file a bill in equity, or institute proceedings at law to recover back from Hartshorne money which he has recovered of Allaire himself upon verdict and judgment? He might indeed look to Pettis for the misappropriation of the note; but Pettis is bankrupt.

But admitting that either a court of law or of equity may interfere to protect the rights of Allaire; to what protection is he entitled? What sum shall be retained? Was the note taken and held by the plaintiff to secure $1150, as was insisted by him—or only $750, as admitted by the defendant? This is a point upon which there is conflicting evidence, and upon which the parties were entitled to the verdict of a jury.

The justice and right of the case manifestly require, that judgment should be rendered only for the amount actually advanced by, or secured to, Allaire, upon the transfer of the note to him. Is such a judgment open to any valid objection? Is it in violation of legal principle, or in conflict with authority?

It is said in the first place that the note is a unit; that a recovery upon it is an entire thing, and that different recoveries cannot be had upon the same note, by different claimants against the same party. The principle is sound, but it assumes as true the very question in dispute. If there be a further valid claim by Pettis upon this note, it is not denied that judgment should be rendered for the whole amount due. But that is the very fact in dispute, and which Allaire insists that he should have been permitted on the trial to disprove.

The true distinction is clearly stated by *Ld. Kenyon*, in *Wiffen* v. *Roberts*, and has been repeatedly recognized in the later cases. If the note is valid as between the original parties; if the amount of the note is actually due from the defendant to any party, (no matter to whom) the endorsee, though he has not given the full value, may yet recover the whole, and retain the overplus above the sum claimed by him, as trustee for the party beneficially entitled. And this upon the plainest principles of justice. The defendant owes the whole debt. It is immaterial

to him in whose name the recovery is had. The legal owner-ship of the note is in the plaintiff; he is entitled to recover all that is due upon it; no injustice is done to any party. But where the note, as between the original parties, is without con-sideration, either as being accommodation paper, or as having been misappropriated, there a *bona fide* endorsee for value will recover upon it only the amount he has actually paid, provided there be no other party in interest. *Wiffen* v. *Roberts*, 1 *Esp.* 261; *Jones* v. *Hibbert*, 2 *Stark.* 204; *Williams* v. *Smith*, 2 *Hill* 301.

It is said that in *Wiffen* v. *Roberts*, and in *Jones* v. *Hibbert*, the note was an accommodation note, transferred to the endor-see with knowledge of its character. But that circumstance surely does not impair the force of the authorities upon the point in question. In each case, as in the present, the paper was in-valid as between the original parties, for want of consideration. It was held available in the hands of the endorsee, for the amount actually advanced by him, and for no more.

The case of *Williams* v. *Smith*, was (like the present) a case of the misappropriation of the note by the party in whose hands it was placed for a special purpose. The case differed from this; in that the action was brought both against the makers and endorsers. Here the payee is not a party to the suit; and it is objected that his rights, as against Allaire, should not be concluded in a suit to which he is not a party. The answer to this objection is obvious. He stands in the position of every endorser, liable to have his rights affected in an action brought by the endorsee. The endorsee is the legal owner of the note, and the rights of all previous endorsers are liable to be affected and concluded by his acts. If the endorser retains an interest in the note, the endorsee is his trustee and representative, with full power to conclude the rights of the endorser, but liable for any abuse of his trust.

It is said again that the endorsee may recover the full amount wherever there is some person to receive the overplus. That in *Williams* v. *Smith*, the endorser being a defendant in the suit, there was no one to receive the overplus, other than the defendant, and that therefore that case is no authority in the

present.　The true statement of the principle is, that the plaintiff can recover beyond the amount actully due to himself, only where there is some person, other than the defendant, *entitled to receive the overplus.*　1 *Saund. Pl. & Ev.* 280 ; *Pierson* v. *Dunlop, Cowp.* 571.

That we apprehend to be precisely the position of the present case.　If the plaintiff recovers beyond the amount due him, there is no person entitled to the surplus but the defendant himself.

The rule that the *bona fide* holder of accommodation paper shall recover in an action against the maker, only the amount actually advanced, is well settled.　*Edwards* v. *Jones,* 7 *Car. & P.* 633 ; *S. C.* 2 *Mees. & W.* 413 ; *Robins* v. *Maidstone,* 4 *Ad. & El. N. S.* 811 ; *Chitty on Bills,* (*8th Ed.*) 81 ; *Sedgwick on Damages,* 241.

The principle is applicable to the present case.

The instruction to the jury was erroneous.　The defendant was entitled to shew that as between himself and Pettis the note was without consideration ; that the plaintiff paid only part value for it, and upon such proof, the verdict should be for the amount actually due the plaintiff, and no more.

The judgment must be reversed, and the record remitted to be proceeded in according to law.

In this opinion the Court unanimously concurred, except that the CHANCELLOR declined expressing any opinion upon the second error assigned.

Judgment reversed.

CITED *in Gilbert* v. *Duncan,* 5 *Dutch.* 144; *Duncan* v. *Gilbert,* 5 *Dutch.* 527 ; *Holcomb* v. *Wyckoff,* 6 *Vr.* 37; *Armour* v. *McMichael,* 7 *Vr.* 93; *Kinsela* v. *Cataract City Bank,* 3 *C. E. Green* 174; *Uhler* v. *Semple,* 5 *C. E. Green* 293; *Mingus* v. *Condit,* 8 *C. E. Green* 315.